## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS; TEXAS LEAGUE OF UNITED LATIN AMERICAN CITIZENS; LEAGUE OF UNITED LATIN AMERICAN CITIZENS COUNCIL 102; and COMMON CAUSE,<br><br>*Plaintiffs*,<br><br>v.<br><br>JANE NELSON, in her official capacity as the Texas Secretary of State; PAUL ADAMS, in his official capacity as Dallas County Elections Department; FRANK PHILLIPS, in his official capacity as Denton County Elections Administrator; and KALEB BREAUX, in his official capacity as Collin County Elections Administrator,<br><br>*Defendants*. | Case No. 1:26-cv-00729-ADA |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

**INTRODUCTION AND CONCISE STATEMENT**

This Court has jurisdiction over this litigation and should deny Defendants Phillips's and Breaux's motion to transfer venue to the Eastern District of Texas, Sherman Division—a location convenient only to the moving Defendants and no other parties in this litigation. The convenience of the parties and the interests of justice dictate that this case should not be transferred and should remain in the Western District of Texas, Austin Division.

**LEGAL STANDARD**

The applicable federal venue transfer statute states: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). The moving party has the burden to demonstrate that there is good cause to depart from the plaintiff's choice of venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). If the court determines that the suit could have originally been filed in the destination venue, "the movant has the burden of proving that the transferee venue is 'clearly more convenient' than the transferor venue." *Ingeniador, LLC v. Adobe Sys. Inc.*, No. 2:12-cv-00805-JRG, 2014 WL 105106, at *1 (E.D. Tex. Jan. 10, 2014) (quoting *In re Nintendo*, 589 F.3d 1194, 1200 (Fed. Cir. 2009)). Absent such a strong showing, "the Plaintiff's choice should be respected." *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) (internal quotation marks and citation omitted). "[T]he fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer." *Id.*

Courts analyze both private and public interests to determine if the transferee venue is clearly more convenient. *Id.* The private interests are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of Am., Inc.*, 545 F.3d at 315 (quoting *In re*

1

*Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interests are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

**ARGUMENT**

Defendants Phillips and Breaux have not demonstrated why venue should be transferred, because the instant motion is focused solely on their own convenience. They fail to establish that the private or the public interests weigh in favor of a transfer, which is their burden to carry. *See In re Volkswagen of Am., Inc.*, 545 F.3d at 315. Defendants focus not on the actual factors laid out in the test, but on the fact that more Defendants reside in the Eastern District of Texas. *See* ECF No. 24 at 2 ("Mot. to Transfer"). A cursory examination of the factors shows that the interests weigh in favor of denying the motion. The Eastern District of Texas is not where the majority of sources of proof exist. The Secretary of State resides in the Western District and will have the majority of the proof in this litigation. The Eastern District of Texas, Sherman Division is located close to the Oklahoma border in Northeast Texas—almost 300 miles from the City of Austin, where the Secretary of State resides and where most of her witnesses are located. In addition, it is hundreds of miles from the most populous counties in Texas, where many of the voter witnesses will likely reside. Finally, it is hundreds of miles from Defendant Dallas County and Plaintiff Texas LULAC Council 102, which is based in the Dallas County area. The great distances between the Sherman Division and most of the parties and witnesses will increase the costs of the litigation, especially since the Sherman Division is not located even remotely centrally for this statewide litigation. The private factors weigh against transfer.

Defendants make no arguments about the public factors, but none of those factors weigh

2

in favor of transfer either.

Even under Defendants' analysis, which does not follow the traditional venue transfer test, only two of four Defendants and none of the Plaintiffs are located in the Eastern District of Texas, so the requested transfer would not be convenient for the majority of the parties. "When a defendant is haled into court, some inconvenience is expected and acceptable." *Def. Distributed*, 30 F.4th at 433. Defendants' motion shows nothing more than such inconvenience for a limited number of parties and fails to demonstrate good cause for transfer.

**CONCLUSION**

This Court should deny the motion to transfer and retain jurisdiction of this case.

Dated: July 9, 2026                                   Respectfully submitted,

                                                      */s/ Alexis Grady*

| | |
|---|---|
| Richard Alan Grigg | Danielle Lang* |
| Texas Bar # 08487500 | Anna Baldwin* |
| Attorney at Law | Sejal Jhaveri* |
| Law Office of Dicky Grigg, PC | Renata O'Donnell* |
| 1900 Pearl Street | Alexis Grady* |
| Austin, TX  78705 | Daniel Brophy* |
| Tel: (512)474-6061 | Campaign Legal Center |
| Fax: (512)582-8560 | 1101 14th St. NW, Suite 400 |
| dicky@grigg-law.com | Washington, DC 20005 |
| mel@grigg-law.com | Tel: (202)736-2200 |

Fax: (202)736-2222
dlang@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
agrady@campaignlegalcenter.org
dbrophy@campaignlegalcenter.org

*Admitted pro hac vice*
Counsel for Plaintiffs League of United Latin
American Citizens; Texas League of United
Latin American Citizens; League of United
Latin American Citizens Council 102; and
Common Cause

3

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Alexis Grady*
Alexis Grady
