## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS; TEXAS LEAGUE OF UNITED LATIN AMERICAN CITIZENS; LEAGUE OF UNITED LATIN AMERICAN CITIZENS COUNCIL 102; and COMMON CAUSE, <br><br> *Plaintiffs*, <br><br> v. <br><br> JANE NELSON, in her official capacity as the Texas Secretary of State; PAUL ADAMS, in his official capacity as Dallas County Elections Department; FRANK PHILLIPS, in his official capacity as Denton County Elections Administrator; and KALEB BREAUX, in his official capacity as Collin County Elections Administrator, <br><br> *Defendants*. | Case No. 1:26-cv-00729-ADA |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DENTON AND COLLIN COUNTIES' MOTION TO STAY DISCOVERY

1

**INTRODUCTION AND CONCISE STATEMENT**

In late 2025, the State of Texas and multiple Texas counties began a troubling voter purge program that relies on unvetted, outdated citizenship data to remove voters from its rolls in ways that are discriminatory and non-uniform across counties (the "Purge Program"). The Purge Program discriminates against and removes naturalized, derived, and acquired U.S. citizen voters, despite the State having records demonstrating that many of the purged voters are U.S. citizens.

Defendants' actions violate the requirements established by Congress in Section 8(b)(1) of the National Voter Registration Act ("NVRA"), which are meant to ensure that particular groups of voters, such as naturalized citizens, are not baselessly targeted for removal from the voting rolls and that election jurisdictions conduct their voter list maintenance programs uniformly. 52 U.S.C. § 20507(b)(1). In March 2026, Plaintiffs LULAC, Texas LULAC, LULAC Council 102, and Common Cause filed this suit because this unlawful Purge Program harms their members and their core organizational missions to increase civic participation and ensure that every eligible citizen can register and participate in the democratic process.

Plaintiffs respectfully urge the Court to deny the Denton and Collin Counties Defendants' Motion to Stay, ECF No. 26, which asks the Court to defer discovery and all scheduling requirements pending resolution of Defendants' Motion to Dismiss, ECF No. 25. The Collin and Denton Counties Defendants have not come close to meeting their burden to stay not just discovery, but effectively the entire conduct of this litigation (insofar as they also seek a stay of all scheduling requirements).

These two Defendants (and only these two Defendants) move to stay discovery before any discovery has even been served, or the parties have even held their Rule 26(f) conference to discuss the timing and scope of discovery that will be sought. There is no basis for granting such a motion,

2

which upends the normal course of litigation under the Federal and Local Rules and would delay and prejudice Plaintiffs' ability to end the irreparable harm that the Purge Program is causing to them and their U.S. citizen members' fundamental right to vote.

**ARGUMENT**

A stay of discovery pending the disposition of a motion to dismiss "is the exception rather than the rule." *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3-08-cv-0774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008); *see also Ford Motor Co. v. U.S. Auto Club, Motoring Div., Inc.*, No. 3-07-cv-2182-L, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24, 2008) (such "a stay is the exception rather than the rule"). Indeed, "had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Glazer's Wholesale Drug Co., Inc.*, 2008 WL 2930482, at *1.

Federal Rule of Civil Procedure 26(d) sets the default rules for timing of discovery. It allows discovery to begin after the parties' Rule 26(f) conference, unless the parties otherwise agree or a court makes a contrary order. Fed. R. Civ. P. 26(d)(1). The Local Rules further ensure that a scheduling order providing for the sequencing of discovery and the disposition of the case is entered promptly. *See* W.D. Tex. Local Rule CV-16(a).

Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). To show "good cause" under Rule 26, the party seeking a stay must "show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"While, in theory, a court may find good cause to stay discovery when there is a pending

3

12(b)(6) motion, in practice such stays are very rare, and almost never wise." *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-cv-663-RP, 2016 WL 10571903, at \*1 (W.D. Tex. Oct. 19, 2016).  Indeed, a stay of discovery is not permitted "merely because defendant believes it will prevail on its motion to dismiss." *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2015 WL 11019132, at \*2 (N.D. Tex. Mar. 18, 2015). Instead, the Federal Rules "presume that discovery may proceed despite the filing of a Motion to Dismiss," such that courts should only grant a motion for stay where "good cause" exists. *Endure Indus., Inc. v. Vizient, Inc.*, No. 3:20-cv-3190-E, 2021 WL 3771770, at \*1 (N.D. Tex. Apr. 9, 2021). Motions to stay should be denied where the movant "has not provided any details as to why the discovery that Plaintiffs seek is so unduly burdensome or expensive[,]" such that a stay pending resolution of a motion to dismiss would be warranted. *Heston, Next Friend of A.H. v. Austin Indep. Sch. Dist.*, No. 1:21-cv-35-RP, 2024 WL 3748051, at \*1 (W.D. Tex. July 1, 2024).

The Denton and Collin Counties Defendants have not come close to showing that "good cause" exists to freeze this litigation pending resolution of their motion to dismiss.

**I.      Good cause does not exist to justify a stay of discovery and scheduling requirements.**

The Denton and Collin Counties Defendants' Motion fails because they cannot demonstrate good cause. "Courts in the Fifth Circuit routinely decline to stay discovery pending the resolution of another motion because this alone falls short of demonstrating good cause." *X Corp. v. Media Matters for Am.*, No. 4:23-cv-01175-O, 2024 WL 1895255, at \*1 (N.D. Tex. Apr. 26, 2024).

In their motion, Defendants Collin and Denton Counties make no mention of the relevant factors that courts generally address in analyzing whether good cause exists, much less attempt to meet such criteria. Such factors often include "(1) the breadth of discovery sought; (2) the burden

of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Bradley v. Cap. One Bank (USA) N.A.*, No. 4:25-cv-01077-O-BP, 2025 WL 4666420, *1 (N.D. Tex. Oct. 27, 2025). All of these factors weigh against Defendants.

Again, the parties have not yet held their Rule 26(f) planning conference to discuss the timing and scope of discovery, and Plaintiffs have not served any discovery.[1] The Denton and Collin Counties Defendants thus have no basis whatsoever for making a showing regarding the breadth or burdensomeness of discovery. It is Defendants' burden to show actual "*necessity*," which the Fifth Circuit has explained "contemplates *a particular and specific demonstration* of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d at 306 (quoting *Garrett*, 571 F.2d at 1326 n.3) (emphasis added).

In the unusual cases where courts have granted a stay pending the resolution of a motion to dismiss, defendants have generally shown significant burden of the discovery sought. *Endure Indus., Inc.*, 2021 WL 3771770, at *1 (finding good cause where discovery sought would require defendant "to conduct a massively broad search, so voluminous that Defendants would have to hire a third-party vendor capable of processing and hosting data in a document review platform"). In contrast here, Defendants merely complain of "the usual inconveniences . . . that are associated with discovery practice" such as the mere obligation to respond to discovery. *Bradley*, 2025 WL 4666420, at *2. "This is inadequate." *Id.*[2] In addition, while Defendants go so far as to seek a stay of scheduling requirements, they cite no facts or cases that would justify such a stay, which is

---

[1] The parties are currently working to schedule their Rule 26(f) conference. Counsel for Defendants Denton and Collin Counties stated that it was their position that scheduling a Rule 26(f) conference is premature while their motion to stay discovery is pending.

[2] Plaintiffs have no intention of seeking voluminous discovery from the County Defendants. Instead, discovery from the County Defendants will focus largely on communications with the voters on Purge Lists that were provided to the counties, the removal of voters from the rolls as a result of the Purge Program, as well as instructions provided to the counties by the Secretary of State regarding the Purge Program.

unsurprising given that participation in a Rule 26(f) scheduling process is "minimally burdensome." *Sneed v. Abbot*, No. 21-279-JWD-RLB, 2021 WL 2877239, at *4 (M.D. La. June 29, 2021).

Moreover, in their stay motion, the Denton and Collin County Defendants make no attempt to show that their motion to dismiss is so certain to prevail as to disrupt the ordinary operation of the Federal and Local rules. And for good reason. Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and [are] rarely granted[.]" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). In this case, Plaintiffs' Opposition, ECF No. 33, demonstrates why the factual allegations in Plaintiffs' complaint plainly state a claim under the NVRA which Plaintiffs have standing to vindicate.

Finally, Defendants make no headway by relying on two cases involving stays where an immunity defense had been raised. ECF No. 26 at 3. Neither Collin County nor Denton County— who have been sued in their official capacity—has raised any issues regarding sovereign or qualified immunity in their motion to dismiss. The County Defendants have no possible claim of immunity from this suit, such that their attempt to shoehorn qualified immunity caselaw into this context to justify a stay falls flat.

## II.    Plaintiffs' interest and the public's interest will be harmed if a stay is granted.

The November 2026 general election is four months away. Plaintiffs in this case represent both their own interests and the interests of their members, including naturalized citizens, who are at significant risk of erroneous removal as a result of the Purge Program. Plaintiffs' ability to commence discovery is important to safeguard voters' rights in advance of the upcoming elections and will inform decisions about next steps in the litigation, including when and whether any preliminary relief will be sought.

The public will also be harmed by a stay. Plaintiffs engage in a wide range of voter

registration and engagement activities. Understanding how the Purge Program has operated is critical to ensuring that Plaintiffs are able to share accurate information—including about the ability to re-register—with members of the public who have been wrongfully removed from the rolls as a result of the Purge Program.

## CONCLUSION

Because the Denton and Collin Counties Defendants have not met their burden of showing that this is the unusual case justifying a stay of discovery and scheduling requirements pending resolution of a motion to dismiss, or that Plaintiffs and the public will not be harmed by such a stay, the Court should deny their motion.

Dated: July 9, 2026

Respectfully submitted,

*/s/ Daniel Brophy*

Richard Alan Grigg
Texas Bar # 08487500
Attorney at Law
Law Office of Dicky Grigg, PC
1900 Pearl Street
Austin, TX  78705
Tel: (512)474-6061
Fax: (512)582-8560
dicky@grigg-law.com
mel@grigg-law.com

Daniel Brophy*
Danielle Lang*
Anna Baldwin*
Sejal Jhaveri*
Renata O'Donnell*
Alexis Grady*
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
Tel: (202)736-2200
Fax: (202)736-2222
dbrophy@campaignlegalcenter.org
dlang@campaignlegalcenter.org
abaldwin@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
agrady@campaignlegalcenter.org

*Admitted pro hac vice*

Counsel for Plaintiffs League of United Latin American Citizens; Texas League of United Latin American Citizens; League of United Latin American Citizens Council 102; and Common Cause

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Daniel Brophy*
Daniel Brophy