**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et. al. | § § § | |
| v. | § § | Case No. 1:26-cv-00729-ADA-SH |
| JANE NELSON, in her official capacity as the Texas Secretary of State, et. al. | § § § § | |

**DEFENDANTS PHILLIPS' AND BREAUX'S REPLY
TO PLAINTIFFS' RESPONSE TO THEIR MOTION TO DISMISS**

COME NOW Defendants **FRANK PHILLIPS, in his official capacity as Denton County Elections Administrator** and **KALEB BREAUX**, **in his official capacity as Collin County Elections Administrator** (hereinafter "Denton and Collin County Defendants"), and file their REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS, as follows:

**I.**

**Plaintiffs' RESPONSE underscore lack of standing and implausible claims against Counties**

Plaintiffs have filed their RESPONSE IN OPPOSITION TO DALLAS, DENTON, AND COLLIN COUNTY DEFENDANTS' MOTION TO DISMISS (hereinafter "PLAINTIFFS' RESPONSE")[Dkt. 33] which seek to cure a procedural failure of their pleadings regarding notice provisions of NVRA to the County Defendants, while the remainder of their RESPONSE underscores the tenuous and implausible nature of their claims against the Denton and Collin County Defendants. Simply put, as detailed by the Denton and Collin County Defendants in their MOTION TO DISMISS, these Defendants have not violated any Federal nor State law, and in fact, complied precisely with the procedures set out in the Texas Elections Code Section16.0332 regarding "Cancellation Because Of Citizenship Status." What emerges from their lawsuit and RESPONSE is that Plaintiffs lack standing and fail to aver any plausible claims. Dismissal of the Collin and Denton County should follow.

**II.**
**Plaintiffs RESPONSE seeks to remedy Pleadings deficiency regarding their failure to allege compliance with Notice Provisions of NVRA regarding these County Defendants**

Plaintiffs' COMPLAINT fails to sufficiently allege timely notice under the NVRA to the Denton and Collin County Defendants.[1]  Moreover, the "notice letters" attached as exhibits to the Plaintiffs' COMPLAINT are directed to the Texas Secretary of State and discuss her alleged improper reliance on the SAVE information and resulting purported violations of NVRA.[2]  Faced with this failure, Plaintiffs' RESPONSE seeks to now bootstrap onto their COMPLAINT documents which were not attached as exhibits to same.[3]  This is procedurally improper.  In determining a Rule 12(b)(6) motion a court can consider the contents of the pleadings, including attachments thereto, as well as any documents attached to the motion to dismiss, if they are referenced in the plaintiff's complaint and are central to the claims.  See, generally, *Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309, 323-324 (E.D. Tex. 2021).  Here, however, Plaintiffs indisputably did not attach their notice letters to the Counties as exhibits to their COMPLAINT and, again, their discussion of notice to the Counties in their lawsuit actually reference the letters directed to the Secretary of State.

But even if the notice letters to the Counties had been properly and timely attached to their COMPLAINT, Plaintiffs' self-serving letters containing their contentions about purported violations of the NVRA - founded primarily on alleged actions of the Texas Secretary of State - are still insufficient to put Denton and Collin County on sufficient notice that their actions are somehow violative of Federal or State law.  Plaintiffs lack statutory standing under the NVRA.

---

[1]See, Defendants PHILLIPS' AND BREAUX'S MOTION TO DISMISS AND BRIEF [Dkt. 25], paragraph III(1), p. 4-7

[2]See, PLAINTIFF'S COMPLAINT [Dkt. 1], paragraphs V, (206)-(208), p. 39 and Plaintiffs' Exhibits J [Dkt. 1-11] and K [Dkt. 1-12]

[3]See. Plaintiffs' RESPONSE IN OPPOSITION TO DALLAS, DENTON, AND COLLIN COUNTY DEFENDANTS' MOTION TO DISMISS [Dkt. 33], paragraph I, p. 6-9 and Ex. A, B, C, and D [Dkt. 33-1 - 33-4]

**III**.

**No subject-matter jurisdiction because Plaintiffs lack Standing as they have not suffered an actual injury-in-fact that is fairly traceable to the challenged actions of these Defendants nor do they aver anything more than a generalized grievance concerning these Defendants**

Plaintiffs RESPONSE is essentially a regurgitation of the allegations of their COMPLAINT, which does little, if really anything, to demonstrate plausible standing sufficient to survive dismissal. Notably missing in Plaintiffs' RESPONSE is any cogent rebuttal to the Fifth Circuit's recent decision in *Campaign Legal Ctr. v. Scott*, 49 F.4th 931 (5th Cir. 2022). Plaintiffs' RESPONSE offers only a terse rebuff to *Campaign Letter Center*, arguing "County Defendants' reliance on *Campaign Legal Center* to support that Plaintiffs lack standing is also misplaced"[4] then continuing with the conclusory contentions that Plaintiffs "have alleged concrete and particularized injury in support of their theories of standing".[5] Repeating their mantra that they have standing will not make it so.

As discussed by the Denton and Collin County Defendants in their MOTION TO DISMISS, the conduct attributed to these two counties is insufficient to plausibly plead that Plaintiffs have suffered an actual injury-in-fact that is fairly traceable to the challenged actions of these Defendants. Nor do Plaintiff's aver anything more than a generalized grievance concerning these two Defendants.

It is important to revisit precisely what Plaintiffs plead concerning Denton and Collin County. When discussing Denton County Elections Administrator Phillips, Plaintiffs aver:

\*     *First,* some counties engaged in no investigation whatsoever and sent SAVE NonCitizenship Notices to all voters on the lists within days of Defendant Secretary of State's October 21, 2025 guidance email to counties without any effort to verify the SAVE results relayed on the Purge Lists. Among those counties include Defendant counties Brazoria, Collin, Dallas, and **Denton**.[6]

---

[4]See, PLAINTIFFS' RESPONSE [Dkt. 33], p. 17

[5]See, PLAINTIFFS' RESPONSE [Dkt. 33], p. 17

[6]See, PLAINTIFF'S COMPLAINT [Dkt. 1], paragraph 175, p. 33 (emphasis added)

\*      Denton County sent out SAVE Non-Citizenship Notices on October 22, 2025, days after Defendant Secretary of State sent Defendant Denton County a Purge List of 84 people, and only one day after Defendant Secretary of State's email to investigate Purge Lists. Based on when it sent out the Notices, Defendant Denton County had no time to independently investigate the 84-person Purge List.[7]

\*      Fifty-six people in Denton County have had their registration cancelled after not responding to the SAVE Non-Citizenship Notice, including five people whose Notices came back as undeliverable and likely received no Notice of their registration cancellation. Given the many people who have proven citizenship in Denton County, Defendant Frank Philips himself stated "What is bugging me is I think our voter rolls may be more accurate than this database ... My gut feeling is more of these are citizens than not."[8]

\*      In Brazoria, Collin, Dallas, and **Denton** counties, election officials were aware that many of the flagged voters had registered to vote at DPS yet failed to take the investigative step of verifying with DPS whether those voters had provided proof of citizenship when they registered.[9]

\*      Out of the 84 flagged registered voters in Denton County, 14 had already proven their citizenship as of December 10, 2025.[10]

\*      That U.S. citizens would be purged from the rolls was an expected result, as acknowledged by the Denton County Elections Administrator, who anticipated that some Notice letters will not be delivered, and many voters will ignore letters they receive. The Administrator admitted that if such voters "are citizens, their registration is going to get canceled, but it shouldn't be[.]"[11]

Their comments about Collin County Elections Administrator Breaux are as follows:

\*      Since the Purge Program was implemented, several Texas counties have reported significant numbers of voters who were included on the State's Purge Lists despite having registered to vote with DPS. For example, in

---

[7]See, PLAINTIFF'S COMPLAINT [Dkt. 1], paragraph 180, p. 34

[8]See, PLAINTIFF'S COMPLAINT [Dkt. 1], paragraph 181, p. 34

[9]See, PLAINTIFF'S COMPLAINT [Dkt. 1], paragraph 181, p. 34 (emphasis added)

[10]See, PLAINTIFF'S COMPLAINT [Dkt. 1], paragraph 195, p. 37

[11]See, PLAINTIFF'S COMPLAINT [Dkt. 1], paragraph 204, p. 39

Collin County, 59 of the 109 people flagged by the State had done so.[12]

\* *First,* some counties engaged in no investigation whatsoever and sent SAVE NonCitizenship Notices to all voters on the lists within days of Defendant Secretary of State's October 21, 2025 guidance email to counties without any effort to verify the SAVE results relayed on the Purge Lists. Among those counties include Defendant counties Brazoria, **Collin**, Dallas, and Denton.[13]

\* Collin County sent all its Notice letters on October 22, 2025, just one day after the State sent Collin its Purge List.[14]

\* In Brazoria, **Collin**, Dallas, and Denton counties, election officials were aware that many of the flagged voters had registered to vote at DPS yet failed to take the investigative step of verifying with DPS whether those voters had provided proof of citizenship when they registered.[15]

\* In Collin County, at least ten voters have confirmed their citizenship.[16]

\* Several Texas counties reported finding that many of the flagged voters had registered at DPS and provided proof of citizenship in doing so. In Collin County, 59 of 109 flagged voters had registered at DPS.[17]

Plaintiffs allegations confirm that Denton and Collin County simply sent out notices precisely as the Texas Elections Code Section 16.0332 provides.  There are no allegations that any individual in Denton or Collin County who is a legal resident had their voter registration card incorrectly cancelled due to their citizenship status.  Plaintiffs allegations against Denton County do not show that any cancellations have been incorrect or improper.[18]  Likewise, Plaintiffs criticism of Collin County is about the timing of the notices, not that any resulting cancellations were actually incorrect.

---

[12]See, PLAINTIFF'S COMPLAINT [Dkt. 1], paragraph 158, p. 30 (emphasis added)

[13]See, PLAINTIFF'S COMPLAINT [Dkt. 1], paragraph 175, p. 33 (emphasis added)

[14]See, PLAINTIFF'S COMPLAINT [Dkt. 1], paragraph 178, p. 34

[15]See, PLAINTIFF'S COMPLAINT [Dkt. 1], paragraph 181, p. 34 (emphasis added)

[16]See, PLAINTIFF'S COMPLAINT [Dkt. 1], paragraph 199, p. 38

[17]See, PLAINTIFF'S COMPLAINT [Dkt. 1], paragraph 203, p. 38

[18]See, PLAINTIFF'S COMPLAINT [Dkt. 1], paragraph 181, p. 34

While the Plaintiffs argue that they have "sufficiently pleaded associational standing",[19] sheer speculation and pure conjecture about alleged non-specific injuries to yet identified persons cannot support standing, associational or otherwise.[20]

## IV.
## Plaintiffs raise a generalized grievance

Plaintiffs' RESPONSE offers that "Plaintiffs have alleged concrete and particularized injury in support of their theories of standing"[21] but their pleading belies such assertion. The vague and indefinite "consequences" Plaintiffs bemoan are so generic as to render them applicable to nearly any voter in Texas who may be encompassed by Texas Elections Code Section 16.0332. But the problem is more fundamental for Plaintiffs - they allege that the Secretary of State's voter purge program is potentially erroneous and their requested injunctive relief benefits Plaintiffs no more than it would the general public of Texas.  Like their surface level discussion of *Campaign Letter Center*, Plaintiffs RESPONSE to the Denton and Collin County Defendants reliance upon *Lance v. Coffman* is to relegate it to a footnote with only a surface level analysis coupled with the contention that "*Lance* is inapplicable here."[22]

## V.
## Plaintiffs' future injuries are wholly speculative and easily remediated

Plaintiffs have no actual injury because their claimed harm has not occurred (and might never occur).  While their pleadings seem to suggest that the harm arises from the risk the "purge list"

---

[19]See, PLAINTIFFS' RESPONSE [Dkt. 33], p. 11

[20]Co-Defendant Paul Adams, the Dallas County Elections Administrator, articulates why Plaintiffs do not have organizational or associational standing in his MOTION TO DISMISS [Dkt. 28], p. 7-10, and same was previously incorporated by reference by the Denton and Collin County Defendants.

[21]See, PLAINTIFFS' RESPONSE [Dkt. 33], p. 15

[22]See, PLAINTIFFS' RESPONSE [Dkt. 33], p. 17, fn. 5

presents to voters, their RESPONSE takes a different approach, now arguing that the organizations themselves "have and will divert resources as a result of the Purge Program."[23] Continuing, they also contend that:

> Plaintiffs have also sufficiently alleged that, because their non-U.S. citizen registered voter members are more likely to have stale data in the SAVE system, those members are differently situated and more vulnerable to being purged than the general public. Indeed, Plaintiffs have specifically alleged that, even based on incomplete data, the removals instigated by County Defendants were subject to high error rates.[24]

Again, Plaintiffs have yet to point to anyone in Denton or Collin County who has been incorrectly or improperly removed from a voter list.   Plaintiff's contentions smack of conjecture. As discussed by Defendants, the Fifth Circuit has rejected the concept of probabilistic standing "based on a non-particularized increased risk—that is, an increased risk that equally affects the general public." *Shrimpers and Fishermen of RGV v. Tex. Comm'n on Envtl. Quality*, 968 F.3d 419, 424 (5th Cir. 2020). Because Plaintiffs have no imminent injury-in-fact, they lacks standing. *Id*.

Plaintiffs RESPONSE regarding the remedy contained in Texas Elections Code Section 16.037, misses the mark,[25] particularly considering there must be an imminent injury-in-fact. But, again, Plaintiffs do not even get to this point as they have yet to even allege that Denton County and/or Collin County have indeed incorrectly cancelled even a single voter because of citizenship status.

## VI.
### Plaintiffs' claim presents an impermissible political question

Plaintiffs RESPONSE seems to misunderstand Defendants argument on this point.  It is not that Federal Courts cannot determine compliance with the NVRA; rather, it that the predominant thrust

---

[23]See, PLAINTIFFS' RESPONSE [Dkt. 33], p. 17

[24]See, PLAINTIFFS' RESPONSE [Dkt. 33], p. 17

[25]See, PLAINTIFFS' RESPONSE [Dkt. 33], p. 17

of the Plaintiffs' claims, particularly with respect to the county defendants, is the challenge the Texas Legislature's policy determination, through the actions of the State Secretary of State, about the conduct of local elections, the operation of voting sites, and the State's obligations under the NVRA. Because the United States Constitution explicitly commits to the States the authority to determine the time, place, and manner of elections, U.S. Const. art. I, § 4, this case presents a nonjusticiable political question.

## VII.
### Plaintiffs concede they are not bringing any Section 1983 claim

Plaintiffs' COMPLAINT avers that their action is brought under the NVRA "as well as 42 U.S.C §1983."[26]  In their RESPONSE, Plaintiffs concede they are not asserting any claims under 42 U.S.C §1983.[27]  Thus, any claims, which now appear to be none, brought under 42 U.S.C §1983, should be dismissed.

## VIII.
### No plausible independent claim for Declaratory Judgment

The parties obviously materially disagree about the viability of Plaintiffs' claims. Obviously, the Court's decision about same will then result in a determination of Plaintiffs' entitlement, if any, to any declaratory relief.

Suffice it to say that these Defendants continue to assert that Plaintiffs' lawsuit should be dismissed for a variety of reasons which would necessarily result in the dismissal of any requested relief under the Declaratory Judgment Act.

---

[26]See, PLAINTIFF'S COMPLAINT [Dkt. 1], paragraph 21, p. 6

[27]See, PLAINTIFFS' RESPONSE [Dkt. 33], p. 18, fn. 6 ("Plaintiffs bring their claims under the NVRA's private right of action, not 42 U.S.C §1983.")

## IX.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants **FRANK PHILLIPS, in his official capacity as Denton County Elections Administrator** and **KALEB BREAUX**, **in his official capacity as Collin County Elections Administrator** respectfully requests this Court to dismiss them from Plaintiffs' complaint, that they be granted their reasonable and necessary attorney fees and costs as provided by 52 U.S.C. Section 10310(e), and for such other and further relief to which Defendants may show themselves justly entitled.

Respectfully submitted,

By: /s/ *Robert J. Davis*
**ROBERT J. DAVIS**
State Bar No. 05543500
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com

**ATTORNEYS FOR DEFENDANTS**
**FRANK PHILLIPS, in his official capacity as Denton County Elections Administrator** and **KALEB BREAUX**, **in his official capacity as Collin County Elections Administrator**

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Sejal Jhaver, Dicky Grigg, Alexis Grady, Daniel Brophy, Danielle Lang, and Renata O'Donnell.

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**