IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et. al. | § § § | |
| v. | § § | Case No. 1:26-cv-00729-ADA-SH |
| JANE NELSON, in her official capacity as the Texas Secretary of State, et. al. | § § § § | |

**DEFENDANTS PHILLIPS' AND BREAUX'S REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO ABATE ANY DISCOVERY AND ALL SCHEDULING REQUIREMENTS PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants **FRANK PHILLIPS, in his official capacity as Denton County Elections Administrator** and **KALEB BREAUX**, **in his official capacity as Collin County Elections Administrator** (hereinafter "Denton and Collin County Defendants") and file their REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO ABATE ANY DISCOVERY AND ALL SCHEDULING REQUIREMENTS PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS, as follows:

**I.**
**PLAINTIFFS RESPONSE FAILS TO DEMONSTRATE WHY DISCOVERY NECESSARY**

All of the Defendants have filed MOTIONS TO DISMISS, [Dkt.'s 25, 27, and 28] pursuant to both FED. R. CIV. P. 12(b)(1) and 12(b)(6), asserting a variety of grounds for dismissal as a matter of law, including whether: (1) Plaintiffs have Statutory and/or Article III standing to bring this action; (2) Plaintiffs' claims are barred by 11th Amendment Immunity [as to Texas Secretary of State Jane Nelson]; (3) Plaintiff's claims present an impermissible political question; and (4) Plaintiffs have plead any plausible claims for any type relief against these Defendants.   On June 10, 2026, Defendants Phillips and Breaux's filed their MOTION TO ABATE ANY DISCOVERY AND ALL

SCHEDULING REQUIREMENTS PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS [Dkt. 26] requesting that all discovery and Rule 26 conference and scheduling requirements in this matter be stayed until the Court rules upon any Motion to Dismiss or other dispositive motion which have been or may be filed by any Defendants herein. Plaintiffs have filed their RESPONSE IN OPPOSITION TO DENTON AND COLLIN COUNTIES MOTION TO STAY DISCOVERY [Dkt. 35]. As discussed below, Plaintiffs present no compelling argument why discovery is necessary at this point, particularly in light of Supreme Court and Fifth Circuit precedent favoring a stay of discovery at the Motion to Dismiss stage [primarily developed in the area of Qualified Immunity], when a governmental entity and/or employee is a party.

## II.
## LEGAL STANDARD AND PLAINTIFFS' RESPONSE

The legal standard is set out in Defendants' MOTION and repeated in Plaintiff's RESPONSE. Both note that it is within this Court's discretion to decide whether to stay discovery and scheduling. But the parties diverge about a stay. These Defendants position is simple and straightforward:

> [u]ntil this Court first addresses and resolves various threshold jurisdictional issues, discovery and scheduling should wait. Moreover, the issues presented in the pending MOTION TO DISMISS are issues of law for which no discovery is need. Finally, although these individual Defendants have been sued in their Official Capacity and are thus not asserting Qualified Immunity, in light of the Fifth Circuit's decision in *Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022) and case following same, i.e., *In re Paxton*, 60 F.4th 252 5th Cir. 2023), subjecting these public official Defendants to discovery on Plaintiffs' claims would create an unnecessary and undue burden in the form of increased litigation costs and disruption and complications caused by discovery. Simply put, it would serve the interests of justice, promote judicial economy, minimize disruption of important governmental activities, and be most productive to abate any discovery requirements and/or scheduling orders so that the legal jurisdictional issues raised in the MOTION TO DISMISS can be fully resolved.[1]

---

[1] See, Denton and Collin County Defendants MOTION TO ABATE ANY DISCOVERY AND ALL SCHEDULING REQUIREMENTS PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS [Dkt. 26], paragraph III, p. 3

Plaintiffs, on the other hand, contend that good cause does not exist to justify a stay of discovery and scheduling requirements.[2] They point to cases - which do not involve governmental entities - for general propositions about a stay of discovery. Plaintiffs also seeks to minimize the well-recognized disruption and costs [particularly to taxpayers] that litigation has, especially on governmental entities,  and downplay the scope of their anticipated discovery to the County.[3] Finally, Plaintiffs point to the upcoming 2026 General Election, another reason why the County Election Officials should be unhindered in their obligations without the distraction of any discovery.

Plaintiffs' RESPONSE misses the mark - the core issue is that the pending Motions to Dismiss are all founded on issues of law to be resolved without discovery, particularly threshold issues such as standing and [as to Secretary of State Nelson], 11th Amendment Immunity.  Important, too, is that these Defendants are not seeking a permanent blanket prohibition on discovery. Rather, as their MOTION relays and proposed ORDER reflects,[4] the discovery and scheduling stay would only be in effect until the Motions to Dismiss are resolved.

All of the reasons advanced by the Denton and Collin County Defendants ampy support this Court's discretion to temporarily stay discovery and any scheduling requirements.

---

[2] See, PLAINTIFFS' RESPONSE IN OPPOSITION TO DENTON AND COLLIN COUNTIES MOTION TO STAY DISCOVERY (hereinafter "PLAINTIFF'S RESPONSE") [Dkt. 35], p. 4-6

[3] See, PLAINTIFFS' RESPONSE [Dkt. 35], p. 5, fn. 2 (""Plaintiffs have no intention of seeking voluminous discovery from the County Defendants. Instead, discovery from the County Defendants will focus largely on communications with the voters on Purge Lists that were provided to the counties, the removal of voters from the rolls as a result of the Purge Program, as well as instructions provided to the counties by the Secretary of State regarding the Purge Program.").

[4] See, proposed ORDER GRANTING DEFENDANTS PHILLIPS AND BREAUX'S  MOTION TO ABATE ANY DISCOVERY AND ALL SCHEDULING REQUIREMENTS PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS [Dkt. 26-1] ("After the Court has issued a ruling upon all of same, if said ruling(s) does not dispose of each and every of the Plaintiffs' claims, discovery in this matter may commence in accordance with a subsequent Order of this Court.")

WHEREFORE, PREMISES CONSIDERED, Defendants **FRANK PHILLIPS, in his official capacity as Denton County Elections Administrator** and **KALEB BREAUX**, **in his official capacity as Collin County Elections Administrator** pray that their MOTION TO ABATE ANY DISCOVERY AND ALL SCHEDULING REQUIREMENTS PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS, be granted; and that they have such other and further relief, at law or in equity, to which they may be entitled.

Respectfully submitted,

By:     /s/ *Robert J. Davis*

**ROBERT J. DAVIS**
State Bar No. 05543500
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com

**ATTORNEY FOR DEFENDANTS**
**FRANK PHILLIPS, in his official capacity as Denton County Elections Administrator** and **KALEB BREAUX**, **in his official capacity as Collin County Elections Administrator**

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Sejal Jhaver, Dicky Grigg, Alexis Grady, Daniel Brophy, Danielle Lang, and Renata O'Donnell.

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**