**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **LEAGUE OF UNITED LATIN AMERICAN** | § | |
| **CITIZENS, et. al.** | § | |
| | § | |
| **v.** | § | **Case No. 1:26-cv-00729-ADA-SH** |
| | § | |
| **JANE NELSON, in her official capacity as** | § | |
| **the Texas Secretary of State, et. al.** | § | |

**DEFENDANTS PHILLIPS' AND BREAUX'S RESPONSE**
**IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants **FRANK PHILLIPS, in his official capacity as Denton County Elections Administrator** and **KALEB BREAUX**, **in his official capacity as Collin County Elections Administrator** (hereinafter "Denton and Collin County Defendants"), and file their RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT, and would show the Court as follows:

**I.**
**INTRODUCTION AND OVERVIEW**

Plaintiffs sued the then Texas Secretary of State [Jane Nelson] along with the Brazoria County Clerk [Joyce Hudman],[1] the Dallas County Elections Administrator [Paul Adams], Denton County Elections Administrator [Frank Phillips] and Collin County Elections Administrator [Kaleb Breaux] under the National Voter Registration Act ("NVRA") challenging what they contend are "unlawful voter purges".[2] These Defendants, on June 10, 2026, expressly subject to their MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT, SHERMAN DIVISION AND BRIEF [Dkt. 24], pursuant

---

[1]Plaintiffs settled with her and she has been dismissed from this case.

[2]See, generally, Plaintiffs' COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF [ECF No. 1]

to both FED. R. CIV. P. 12(b)(1) and 12(b)(6), filed their MOTION TO DISMISS [Dkt. 25], asserting a variety of grounds for dismissal as a matter of law, including whether: (1) Plaintiffs have Statutory and Article III standing to bring this action; (2) Plaintiff's claims present an impermissible political question; and (2) Plaintiffs have plead any plausible claims for any type relief against these Defendants.  The Secretary of State and Dallas County have also filed their MOTION TO DISMISS [Dkt. 27 and Dkt. 28]. All Motions to Dismiss have been fully briefed and are ripe for determination.

In conjunction with these Defendants' MOTION TO DISMISS, these Defendants also filed their MOTION TO ABATE ANY DISCOVERY AND ALL SCHEDULING REQUIREMENTS PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS [Dkt. 26]. And as noted above, these Defendants have requested that this case be transferred to the Eastern District of Texas, Sherman Division.

Plaintiffs have now filed their  MOTION FOR LEAVE TO AMEND COMPLAINT  [DKT. 43] seeking to file an amended complaint.  Plaintiffs' request should be denied.


## II.
## DEADLINES AND STANDARD FOR AMENDMENT OF PLEADINGS

Federal Rules of Civil Procedure Rule 15 is clear that a pleading may be amended once as a matter of course within 21 days of serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service under Rule 12(b), (e), or (f), whichever is earlier. See, FED. R. CIV. P. 15(a)(1).  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.

Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provides a lenient standard, "leave to amend is 'by no means automatic.'" *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993)(quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A 1981)). "[T]he decision to grant or deny leave to amend lies within the sound discretion of the

district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992). "'Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment.'" *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013)(quoting *Ballard v. Devon Energy Prod. Co.*, 678 F.3d 360, 364 (5th Cir. 2012)).

### III.
### PLAINTIFFS' REQUEST TO  AMEND THEIR COMPLAINT SHOULD BE DENIED

Allowing Plaintiffs to file an Amended Complaint would result in undue delay, cause undue prejudice to all the Defendants, and, most importantly would be futile.

#### A.      Undue Delay

Plaintiffs do not cogently explain why their claims will rise or fall on the basis of additional proposed allegations, particularly since one of their requests is to simply change the name of the Secretary of State. Likewise, the fact that they have settled with Brazoria County does not justify an amended lawsuit.  Similarly, a decision by a District Court in the District of Columbia does not merit amending their lawsuit; it is a matter which could be addressed by supplemental briefing, if even necessary or requested.  Finally, Plaintiffs recent July 6, 2026, letter to the Secretary of State, likely to mitigate their prior notice failures, is insufficient grounds for revamping their entire lawsuit, especially since this newest letter is addressed to only one of four remaining Defendants.

Allowing Plaintiffs leave to amend would necessarily erase all the substantial work which has already been done by all of the Defendants - and basically drag this case out even longer. Admittedly, this case is relatively new, but the need to avoid disruption and costs of litigation is a very important factor frequently articulated by the United States Supreme Court, particularly in the

area of staying discovery against governmental entities.  Undue delay is a factor which weighs heavily against Plaintiffs.

### B.    Undue Prejudice to the opposing parties

If permitted, Plaintiff's proposed AMENDED COMPLAINT would require yet another round of motions to dismiss, which would be a "waste of judicial resources and the resources of the parties" that justifies denying Plaintiffs' motion. *Halbert v. City of Sherman*, 33 F.3d 526, 531 (5th Cir. 1994) (refusing to remand after the denial of a motion for leave to amend). Accordingly, Plaintiffs' proposed filing would unduly prejudice these Governmental Defendants, who are entitled by law to a determination of their immunity defenses without being dragged even deeper into litigation, especially when threshold jurisdictional challenges have been raised.  It is fundamentally unfair and unjust to allow Plaintiffs to subject these Governmental Defendants to burdensome litigation by seeking to protract dismissal through what is a groundless AMENDED COMPLAINT that adds very little, if anything, substantively.

Plaintiffs also chide that there would be no undue delay because "[d]iscovery has not yet started, and there is no scheduling order to reconfigure"[3].  Continuing in the same vein they argue that their MOTION is not made in bad faith or for a dilatory motive because no trial or pre-trial dates have been scheduled and no significant activity beyond the pleading stage has occurred.[4]  This is indeed ironic because Plaintiffs have simultaneously sought to strong arm Defendants into participating in a Rule 26 Conference and initiating discovery, going so far as to submit what they labeled a "Joint Proposed Scheduling Order" [Dkt. 44] which as discussed in these Defendants'

---

[3]See, Plaintiffs MOTION FOR LEAVE TO AMEND COMPLAINT [DKT. 43], P. 4

[4]See, Plaintiffs MOTION FOR LEAVE TO AMEND COMPLAINT [DKT. 43], P. 4

OBJECTION,[5] was hardly "Joint", was conducted without three of the four Defendants agreement, and pushed while there is are pending Motions to Dismiss filed by every Defendant, a pending MOTION TO ABATE, and a pending MOTION TO TRANSFER VENUE.

### C.    Futility of the proposed Amendment

It is anticipated that Plaintiffs' amended claims are not any more likely to survive dismissal then their original claims, particularly given the Standing and Political Question bars to their case. Leave to amend would be futile. The Fifth Circuit has interpreted "futility" to mean that "the amended complaint would fail to state a claim upon which relief could be granted," and has applied "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir.2000).  As a result, Plaintiffs proposed "amended" pleadings must state a plausible claim for relief in order for a grant of leave to be appropriate. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Plaintiffs' putative amended claims cannot survive a MOTION TO DISMISS made under Rule 12(b)(1) or 12(b)(6) for the very reasons already articulated by all the Defendants.

### IV.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants **FRANK PHILLIPS** and **KALEB BREAUX**, pray that the Court deny Plaintiffs have now filed their MOTION FOR LEAVE TO AMEND COMPLAINT [DKT. 43]; that it dismiss the Plaintiff's lawsuit; and that Defendants have such other relief, at law or in equity, to which they are justly entitled.

---

[5]See, Defendants Phillips and Breaux's OBJECTION TO PLAINTIFFS' JOINT PROPOSED SCHEDULING ORDER [Dkt. 45]

Respectfully submitted,

By:   /s/ *Robert J. Davis*
      **ROBERT J. DAVIS**
      State Bar No. 05543500
      **KYLE THOMAS BARRY**
      State Bar No. 24122284
      **MATTHEWS,  SHIELS, KNOTT,**
      **EDEN, DAVIS & BEANLAND, L.L.P.**
      8131 LBJ Freeway, Suite 700
      Dallas, Texas 75251
      972/234-3400 (office)
      972/234-1750 (telecopier)
      bdavis@mssattorneys.com
      kbarry@mssattorneys.com

      **ATTORNEYS FOR DEFENDANTS**
      **FRANK PHILLIPS, in his official capacity as**
      **Denton County Elections Administrator** and
      **KALEB BREAUX**, **in his official capacity as Collin**
      **County Elections Administrator**

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Sejal Jhaver, Dicky Grigg, Alexis Grady, Daniel Brophy, Danielle Lang, and Renata O'Donnell.

      /s/ *Robert J. Davis*
      **ROBERT J. DAVIS**